**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**

| | |
|---|---|
| THE DISTRICT OF COLUMBIA and MARYLAND,<br><br>      Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP,<br>in his official capacity as President of the United States of America,<br><br>      Defendant. | No. 8:17-CV-01596-PJM |

**MOTION FOR LEAVE TO FILE BRIEF OF SCHOLAR SETH BARRETT TILLMAN
AND JUDICIAL EDUCATION PROJECT AS *AMICI CURIAE*
IN SUPPORT OF THE DEFENDANT**

Robert W. Ray, Esq.
 Admission *pro hac vice* pending
THOMPSON & KNIGHT LLP
900 Third Avenue, 20th Floor
New York, New York 10022
Tel. (212) 751-3347
robert.ray@tklaw.com
*Co-Counsel for Amicus
Curiae Scholar Seth Barrett Tillman*

Josh Blackman
 Admission *pro hac vice* pending
1303 San Jacinto Street
Houston, Texas 77002
Tel. (202) 294-9003
Josh@joshBlackman.com
*Counsel of Record for Amicus
Curiae Scholar Seth Barrett Tillman*

Carrie Severino, Esq.
 Admission *pro hac vice* pending
Judicial Education Project
722 12th St., N.W., Fourth Floor
Washington, D.C. 20005
Tel. (571) 357-3134
carrie@judicialnetwork.com
*Counsel for Amicus Curiae
Judicial Education Project*

Jan I. Berlage (23937)
Gohn Hankey Stichel & Berlage LLP
201 North Charles Street
Suite 2101
Baltimore, Maryland 21201
Tel. (410) 752-1261
JBerlage@ghsllp.com
*Counsel for Amici Curiae*

# INTRODUCTION

Scholar Seth Barrett Tillman and Judicial Education Project (JEP) hereby move, through their respective undersigned counsel, for leave to file the accompanying *amicus brief*, attached hereto as Exhibit A, in the above-captioned case in support of defendant's motion to dismiss [ECF No. 21]. Plaintiffs consented to the filing of this brief. Defendant took no position.

# NATURE OF MOVANTS' INTEREST

Tillman, an American national, is a member of the regular full-time faculty in the Maynooth University Department of Law, Ireland. Judicial Education Project (JEP) is a 501(c)(3) organization dedicated to strengthening liberty and justice through defending the Constitution as envisioned by the Framers—a federal government of defined and limited power, dedicated to the rule of law, and supported by a fair and impartial judiciary.

Fifteen years ago, then-Judge Alito identified three different types of amici:

> Some friends of the court are entities with particular expertise not possessed by any party to the case. Others argue points deemed too far-reaching for emphasis by a party intent on winning a particular case. Still others explain the impact a potential holding might have on an industry or other group.

*Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.) (citations omitted). Tillman and JEP can serve these roles.

With respect to Tillman, he is one of a very small handful of academics who has written extensively on the Constitution's Foreign Emoluments Clause, and more recently he has written on the Presidential Emoluments Clause. Arguments in the defendant's motion to dismiss are from, or derived from, Tillman's scholarship. Moreover, apparently because of institutional constraints, defendant declined to argue that the Foreign Emoluments Clause does not encompass the presidency—a position that, if successful, would result in the dismissal of part of the complaint. Since 2008, Tillman has consistently written that the "Office . . . under the United States" language used

in Foreign Emoluments Clause, and other provisions in the Constitution, does not encompass elected positions, including the presidency. Tillman contends that adopting plaintiffs' reading of the Foreign Emoluments Clause and Presidential Emoluments Clause would lead to bizarre structural consequences that bring many other elements of state and federal law, as well as long-standing institutional practices, into constitutional doubt.

Additionally, JEP educates citizens about constitutional principles, as envisioned by the Framers, and focuses on issues such as the judiciary's role in our democracy, how judges interpret the Constitution, and the impact of court rulings on the nation. JEP's educational efforts are conducted through various outlets, including print, broadcast, and internet media. In pursuit of these constitutional principles, JEP has filed *amicus* briefs in numerous cases before the federal courts of appeals and the Supreme Court.

**ARGUMENT**

"There is no Federal Rule of Civil Procedure that applies to motions for leave to appear as amicus curiae in a federal district court. District courts therefore have discretion whether to grant or deny such leave and often look for guidance to Rule 29 of the Federal Rules of Appellate Procedure, which applies to amicus briefs at the federal appeals level." *Am. Humanist Ass'n v. Maryland-Nat'l Capital Park & Planning Comm'n*, 303 F.R.D. 266, 269 (D. Md. 2014). *See Altizer v. Deeds*, 191 F.3d 540, 551 n.7 (4th Cir. 1999) ("federal courts have frequently appointed *amici* to participate in an appeal where a party will not brief an important position") (internal citations omitted); *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008). "The decision to grant leave to proceed as amici at the trial court level is discretionary." *Bryant v. Better Bus. Bureau of Greater Maryland, Inc.*, 923 F. Supp. 720, 728 (D. Md. 1996) (citations omitted).

The Court has broad discretion in determining whether to grant leave to participate as an *amicus*, and such status is typically allowed when "the information offered is 'timely and useful.'" *Ellsworth Assocs. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996). Specifically, *amicus* briefs are usually allowed "when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Jin*, 557 F. Supp. 2d at 137 (citing *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997) (Posner, C.J.)); *see also Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (same). *Amici* can provide many forms of assistance to the Court, such as "ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs." *See N. Mariana Islands v. United States*, 2009 U.S. Dist. LEXIS 125427, 3-4 (D.D.C. Mar. 6, 2009) (citations omitted). *See also Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J.*, 940 F.2d 792, 808 (3d Cir. 1991) (*amicus* briefs assist the court "in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision").

When considering whether to allow the submission of an *amicus* brief, courts consider whether it "will aid in the determination of the motions at issue." *James Square Nursing Home, Inc. v. Wing*, 897 F. Supp. 682, 683 (N.D.N.Y. 1995) *aff'd*, 84 F.3d 591 (2d Cir. 1996). As this case is novel in almost every respect, and a matter of general public interest, Tillman and JEP will provide this Court with "a historical perspective and insights that may not be available from the parties." *Citizens Against Casino Gambling in Erie Cty. v. Hogen of Nat'l Indian Gaming Comm'n*, No. 07-CV-451S, 2008 WL 11357911, at *1 (W.D.N.Y. Jan. 10, 2008) (granting leave for an amicus curiae to participate in oral arguments). The interest of Tillman and JEP in this litigation is to inform this Court of a critical stream of overlooked Founding-era legal authority that is likely

3

to aid this Court in fully resolving this matter. Counsel for *amici* can provide the Court with alternative arguments that are not presented by the defendant, which are likely to provide grounds for resolving this case, in whole or in part.

If leave is granted to file this brief, *amici* will respectfully request leave in the public interest to participate in oral argument in this matter to advance an argument the government did not: that the President does not hold an "Office . . . under the [United States]," and is not subject to the Foreign Emoluments Clause. *See United States v. Providence Journal Co.*, 485 U.S. 693, 704 (1988) ("it is well within this Court's authority to appoint an *amicus curiae* to file briefs and present oral argument in support of that judgment"). *See also Altizer*, 191 F.3d at 551 n.7 (4th Cir. 1999) (citing cases granting leave to participate in oral argument where party will not brief important issue) (internal citations omitted); *In re Bayshore Ford Truck Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006) ("district courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings"); *Microsoft Corp. v. United States Dep't of Justice*, No. C16-0538JLR, 2016 WL 4506808, at *9 (W.D. Wash. Aug. 29, 2016) (court "has 'broad discretion' to appoint amicus curiae") (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982)); *Alliance of Auto. Mfrs. v. Gwadowsky*, 297 F. Supp. 2d 305, 306 (D. Me. 2003) (explaining that courts have "'the inherent authority' to appoint amicus curiae to 'assist it in a proceeding'") (citations omitted); *In re Megan-Racine Assocs., Inc.*, 176 B.R. 687, 694 (Bankr. N.D.N.Y. 1994) ("Courts have broad discretion to appoint *amici curiae*"); *In re City of Bridgeport*, 128 B.R. 30, 32 (Bankr. D. Conn. 1991) (same).

4

## CONCLUSION

For the foregoing reasons, Tillman and JEP respectfully request that they be granted leave to file the attached *amicus* brief in support of defendant.

Dated: Baltimore, Maryland
       October 6, 2017

                      Respectfully submitted,

By:
   /s/ Jan I. Berlage
   Jan I. Berlage   23937
   Gohn Hankey Stichel & Berlage LLP
   201 North Charles Street
   Suite 2101
   Baltimore, Maryland 21201
   Telephone: (410) 752-1261
   Email: JBerlage@ghsllp.com
   *Counsel for Amici Curiae*

Robert W. Ray
 Admission *pro hac vice* pending
THOMPSON & KNIGHT LLP
900 Third Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 751-3349
Email: robert.ray@tklaw.com
*Co-Counsel for Amicus Curiae*
*Scholar Seth Barrett Tillman*

Josh Blackman
 Admission *pro hac vice* pending
1303 San Jacinto Street
Houston, Texas 77002
Telephone: (202) 294-9003
Email: Josh@JoshBlackman.com
*Counsel for Amicus Curiae*
*Scholar Seth Barrett Tillman*

Carrie Severino
  Admission *pro hac vice* pending
Judicial Education Project
722 12th St., N.W., Fourth Floor
Washington, D.C. 20005
Telephone: (571) 357-3134
Email: carrie@judicialnetwork.com
*Counsel for Amicus Curiae*
*Judicial Education Project*

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2017, I caused a true and correct copy of the foregoing to be served on all counsel of record through the Court's CM/ECF system.

/s/ Jan I. Berlage
Jan I. Berlage 23937