UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| THE DISTRICT OF COLUMBIA AND THE STATE OF MARYLAND,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States of America,<br><br>　　　　　　　Defendants. | Case No. 8:17-cv-01596 (PJM) |

**MOTION FOR LEAVE TO SERVE DOCUMENT PRESERVATION SUBPOENAS**

Plaintiffs respectfully move for leave to serve document preservation subpoenas on entities that are not parties to this action. Good cause exists to grant the motion. Although the Court has not yet entered a scheduling order governing discovery, Plaintiffs seek to ensure that relevant documents are preserved while the Court considers the Government's motion to dismiss (Dkt. 21). Plaintiffs do not seek production of documents, or to open discovery in any way; rather, they seek simply to have documents preserved.

Plaintiffs sought Defendant's position on this motion by letter on October 20, 2017. The parties conferred by telephone on October 25, 2017. Defendant does not consent to the motion and intends to file a response.

**PROCEDURAL HISTORY**

This case was filed on June 12, 2017. Defendant filed a motion to dismiss on September 29, 2017. Dkt. 21. The briefing schedule extends over several more weeks, with argument set for January 25, 2018. Dkts. 29, 34. Under this timetable, more than three months will elapse before

the Court will rule on the motion and be in a position to enter a scheduling order that would typically govern the issuance of perseveration subpoenas.

## ARGUMENT

Pursuant to Local Rule 104(4), this Court may permit discovery prior to entry of a scheduling order. This Court has applied the "good cause" standard in evaluating such requests. *See Hossfeld v. Gov't Employees Ins. Co.*, 88 F. Supp. 3d 504, 511-12 (D. Md. 2015).

Plaintiffs have alleged that Defendant receives emoluments through certain businesses that he owns or has a financial interest in, including a number of hotels, restaurants, golf clubs, office buildings and condominiums. Complaint at ¶¶ 29-99. Each entity through which Defendant engages in business transactions is the best, if not the only, source of evidence concerning the transactions Plaintiffs have alleged are emoluments.

These entities will thus be important sources of evidence if this case is permitted to proceed. However, because Plaintiffs and Defendant have not resolved whether these entities are "parties" before the Court, and thus subject to broad obligations to preserve evidence, *see* Fed. R. Civ. P. 26, the use of preservation subpoenas is appropriate to prevent the loss of documents through ordinary records retention practices. In analogous circumstances, where PSLRA (15 U.S.C. § 78u-4(b)(3)(B)) imposes by statute a stay of discovery in securities cases until after any motion to dismiss is resolved, courts in this Circuit permit preservation subpoenas to be served when the specific statutory standards of PSLRA are met. *See In re Royal Ahold N.V. Sec. & Erisa Litig.*, 220 F.R.D. 246, 252-53 (D. Md. 2004); *In re Cree, Inc. Sec. Litig.*, 220 F.R.D. 443, 447 (M.D.N.C. 2004); *In re Massey Energy Co. Sec. Litig.*, No. CIV.A. 5:10-0689, 2011 WL 4528509, at *7 (S.D.W. Va. Sept. 28, 2011).

For these reasons, Plaintiffs request that the Court grant the motion. Plaintiffs also request that the Court's order granting the motion clarify that no document production will be required

2

prior to the earlier of, (a) entry of a scheduling order opening discovery, or (b) further order of this Court.

A list of the entities Plaintiffs would serve subpoenas on is attached hereto as Exhibit A. A copy of the proposed requests for preservation that would be sent with each subpoena is attached hereto as Exhibit B.

| | |
|---|---|
| October 25, 2017 | Respectfully submitted, |

| | |
|---|---|
| KARL A. RACINE<br>Attorney General for the District of Columbia | BRIAN E. FROSH<br>Attorney General of Maryland |
| NATALIE O. LUDAWAY<br>Chief Deputy Attorney General | /s/ Steven M. Sullivan<br>STEVEN M. SULLIVAN<br>Federal Bar No. 24930<br>ssullivan@oag.state.md.us |
| /s/ Stephanie E. Litos<br>STEPHANIE E. LITOS*<br>Senior Counsel to the Attorney General<br>stephanie.litos@dc.gov<br>441 Fourth Street, N.W.<br>Washington D.C.  20001<br>T:  (202) 724-6650<br>F.  (202) 741-0647 | PATRICK B. HUGHES<br>Federal Bar No. 19492<br>phughes@oag.state.md.us<br>Assistant Attorneys General<br>200 Saint Paul Place, 20th Floor<br>Baltimore, MD  21202<br>T:  (410) 576-6325<br>F:  (410) 576-6955 |
| NORMAN L. EISEN<br>Federal Bar No. 09460<br>neisen@citizensforethics.org<br>NOAH D. BOOKBINDER*<br>nbookbinder@citizensforethics.org<br>STUART C. MCPHAIL*<br>smcphail@citizensforethics.org<br>Citizens for Responsibility and Ethics in Washington<br>455 Massachusetts Avenue, N.W.<br>Washington, D.C.  20001<br>T:  (202) 408-5565<br>F:  (202) 588-5020 | JOSEPH M. SELLERS<br>Federal Bar No. 06284<br>jsellers@cohenmilstein.com<br>CHRISTINE E. WEBBER*<br>cwebber@cohenmilstein.com<br>Cohen Milstein Sellers & Toll PLLC<br>1100 New York Ave., NW<br>Suite 500<br>Washington, DC 20005<br>T:  (202) 408-4600<br>F:  (202) 408-4699 |
| DEEPAK GUPTA*<br>deepak@guptawessler.com<br>JONATHAN E. TAYLOR*<br>Gutpa Wessler PLLC<br>1900 L Street, N.W.<br>Washington, D.C.  20009<br>T: (202) 888-1741 | |

*Attorneys for Plaintiffs*

*\* admitted pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2017, I electronically filed the Motion for Leave to Serve Document Preservation Subpoenas with the Clerk of the Court using the CM/ECF filing system. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ Stephanie Litos
Stephanie Litos