IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THE DISTRICT OF COLUMBIA, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States,<br><br>*Defendant*. | No. 8:17-cv-1596-PJM |

**DEFENDANT'S RESPONSE TO MOTION FOR LEAVE
TO SERVE DOCUMENT PRESERVATION SUBPOENAS**

Defendant, by and through undersigned counsel, hereby responds to Plaintiffs' motion for leave to serve document "preservation subpoenas" on twenty-three (23) third-party entities. ECF No. 45. Plaintiffs assert that those entities have evidence concerning the transactions alleged in the Complaint and that the parties are still to resolve whether those entities, which are not named as defendants, are "parties" to this case. Mot. at 2. Plaintiffs seek to rely on case law permitting the usage of subpoenas in this manner in the context of Private Securities Litigation Reform Act ("PSLRA") litigation "when the specific statutory standards of the PSLRA are met." *Id.*

The Department of Justice does not represent the private third-party entities which are the subject of Plaintiffs' proposed "preservation subpoenas." Accordingly, we leave it to those third parties to lodge any appropriate objections to such subpoenas if and when they are served, including whether Federal Rule of Civil Procedure 45 expressly permits using documentary subpoenas in this manner in a case such as this.

Defendant wishes to add, however, that while the Motion to Dismiss—which could finally resolve the case without any further burden to the Court or the parties— is pending, there should not be any discovery, including discovery on any third parties, whether through

subpoenas or other mechanisms. Indeed, Local Rule 104(4) explicitly provides that "discovery shall not commence and disclosures need not be made until a scheduling order is entered." There has been no showing as to why that ordinary rule should not apply, particularly in a case, such as this one, which should be decided based on the crystallized legal issues set forth in Defendant's motion. Moreover, discovery is particularly inappropriate here because of the nature of the alleged constitutional violations and the relief requested in the Second Amended Complaint. For that reason, the precise calculations regarding the number of transactions are not in issue under Plaintiffs' theory of the case in the Second Amended Complaint. Accordingly, to the extent the proposed "preservation subpoenas" are intended to be used to litigate the possible scope of discovery, Defendant objects to litigation about discovery prior to resolution of the Motion to Dismiss.

Dated: October 27, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

BRETT A. SHUMATE
Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Branch Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

/s/ *Jean Lin*
JEAN LIN
Special Counsel
JAMES R. POWERS
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Jean.lin@usdoj.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2017, I electronically filed a copy of the foregoing. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ *Jean Lin*
JEAN LIN