**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**

| | |
|---|---|
| THE DISTRICT OF COLUMBIA and THE STATE OF MARYLAND,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States of America,<br><br>Defendant. | No. 8:17-CV-01596-PJM |

**NOTICE OF MOTION FOR LEAVE OF *AMICI CURIAE* SCHOLAR SETH BARRETT TILLMAN AND JUDICIAL EDUCATION PROJECT TO BE HEARD AT ORAL ARGUMENT**

PLEASE TAKE NOTICE that *Amici Curiae* scholar Seth Barrett Tillman and the Judicial Education Project, through their respective undersigned counsel, will move this Court before Honorable Peter J. Messitte, United States District Judge for the District of Maryland, at a date and time directed by the Court, for entry of an order granting *Amici* permission to be heard at oral arguments, pursuant to L. Civ. R. 105 and the Court's inherent power, and for such other and further relief as the Court deems just and proper.

Dated: December 31, 2017

Respectfully submitted,

By:

/s/ Jan I. Berlage
Jan I. Berlage
Gohn Hankey Stichel & Berlage LLP
201 North Charles Street
Suite 2101
Baltimore, Maryland 21201
Tel. (410) 752-1261
JBerlage@ghsllp.com
*Counsel for Amici Curiae*

Robert W. Ray
THOMPSON & KNIGHT LLP
900 Third Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 751-3349
Email: robert.ray@tklaw.com
*Co-Counsel for Amicus Curiae*
*Scholar Seth Barrett Tillman*

Josh Blackman
1303 San Jacinto Street
Houston, Texas 77002
Telephone: (202) 294-9003
Email: Josh@JoshBlackman.com
*Counsel for Amicus Curiae*
*Scholar Seth Barrett Tillman*

Carrie Severino
Judicial Education Project
722 12th St., N.W., Fourth Floor
Washington, D.C. 20005
Telephone: (571) 357-3134
Email: carrie@judicialnetwork.com
*Counsel for Amicus Curiae*
*Judicial Education Project*

2

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**

| | |
|---|---|
| THE DISTRICT OF COLUMBIA and THE STATE OF MARYLAND,<br><br>                 *Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States of America,<br><br>                 Defendant. | No. 8:17-CV-01596-PJM |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE OF *AMICI CURIAE* SCHOLAR SETH BARRETT TILLMAN AND JUDICIAL EDUCATION PROJECT TO BE HEARD AT ORAL ARGUMENT**

Robert W. Ray, Esq.
THOMPSON & KNIGHT LLP
900 Third Avenue, 20th Floor
New York, New York 10022
Tel. (212) 751-3347
robert.ray@tklaw.com
*Co-Counsel for Amicus
Curiae Scholar Seth Barrett Tillman*

Josh Blackman
1303 San Jacinto Street
Houston, Texas 77002
Tel. (202) 294-9003
Josh@joshBlackman.com
*Counsel of Record for Amicus
Curiae Scholar Seth Barrett Tillman*

Carrie Severino, Esq.
Judicial Education Project
722 12th St., N.W., Fourth Floor
Washington, D.C. 20005
Tel. (571) 357-3134
carrie@judicialnetwork.com
*Counsel for Amicus Curiae
Judicial Education Project*

Jan I. Berlage
Gohn Hankey Stichel & Berlage LLP
201 North Charles Street
Suite 2101
Baltimore, Maryland 21201
Tel. (410) 752-1261
JBerlage@ghsllp.com
*Counsel for Amici Curiae*

On October 6, 2017, undersigned counsel submitted a motion for leave to file an amicus brief on behalf of scholar Seth Barrett Tillman and the Judicial Education Project ("Amici"). [ECF No. 27]. This Court granted leave on October 23, 2017. [ECF No. 42]. In that motion, counsel explained that "[i]f leave is granted to file this brief, Amici will respectfully request leave in the public interest to participate in oral argument in this matter to advance an argument the government did not: that the President does not hold an 'Office . . . under the [United States],' and is not subject to the Foreign Emoluments Clause."

Now, Tillman and the Judicial Education Project respectfully move pursuant to the Court's inherent power to be heard at oral argument to provide the Court with alternative arguments that are not presented by Defendant, which are likely to help the Court resolve this case, in whole or in part. Defendant takes no position on this motion. Plaintiffs oppose this motion.

## I. This Court Has the Inherent Authority to Allow Amicus to Be Heard at Oral Argument

Federal courts have the inherent power to permit amici to participate in proceedings, whether by appointment, or in response to a motion for leave. *See generally United States v. Providence Journal Co.*, 485 U.S. 693, 704 (1988) ("it is well within this Court's authority to appoint an *amicus curiae* to file briefs and *present oral argument* in support of that judgment" (emphasis added)). The Fourth Circuit has recognized that "federal courts have frequently appointed *amici* to participate in an appeal where a party will not brief an important position." *Altizer v. Deeds*, 191 F.3d 540, 551 n.7 (4th Cir. 1999) (internal citations omitted).

"The decision to grant leave to proceed as amici at the trial court level is discretionary." *Bryant v. Better Bus. Bureau of Greater Maryland, Inc.*, 923 F. Supp. 720, 728 (D. Md. 1996) (citations omitted); *Am. Humanist Ass'n v. Md.-Nat'l Capital Park & Planning Comm'n*, 303

2

F.R.D. 266, 269 (D. Md. 2014) ("There is no Federal Rule of Civil Procedure that applies to motions for leave to appear as amicus curiae in a federal district court. District courts therefore have discretion whether to grant or deny such leave and often look for guidance to Rule 29 of the Federal Rules of Appellate Procedure, which applies to amicus briefs at the federal appeals level."); *see also, e.g., Al Shimari v. CACI Int'l, Inc.*, 679 F.3d 205, 212 (4th Cir. 2012) (considering "the written and oral submissions of the amici curiae [which were granted] leave to participate"); *Greenville Women's Clinic v. Comm'r, S.C. Dep't of Health & Envtl. Control*, 2002 WL 32388162, at *1 (4th Cir. Nov. 8, 2002) ("Counsel for amicus parties, if any, must file a motion for leave to participate in oral argument should they wish to be heard at argument."); *Kilgore v. McClelland*, 637 F. Supp. 1253, 1257 (W.D. Va. 1986) (granting motion of *amicus curiae* to "make oral argument"); *Parker v. Bd. of Ed. of Prince George's Cty, Md.*, 237 F. Supp. 222, 224 (D. Md.), *aff'd,* 348 F.2d 464 (4th Cir. 1965) ("grant[ing] leave to" *amicus* to participate in arguments).

The Court has broad discretion in determining whether to grant leave to participate as an *amicus*, and such status is typically allowed when "the information offered is 'timely and useful.'" *Ellsworth Assocs. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996). Specifically, *amicus* briefs are usually allowed "when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (citing *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)); *see also Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (same). Amici can provide many forms of assistance to the Court, such as "ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs." *See N. Mariana Islands v. United States*, Civ. A. No., 2009 U.S. Dist. LEXIS 125427, at

3

3–4 (D.D.C. Mar. 6, 2009) (citations omitted); *see also Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J.*, 940 F.2d 792, 808 (3rd Cir. 1991) (explaining that *amicus* briefs assist the court "in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision").

## II. Amici Should Be Heard at Oral Argument To Provide A Perspective That Will Not Be Advanced By the Other Parties

Fifteen years ago, then-Judge Alito identified three different types of amici:

Some friends of the court are entities with particular expertise not possessed by any party to the case. Others argue points deemed too far-reaching for emphasis by a party intent on winning a particular case. Still others explain the impact a potential holding might have on an industry or other group. *Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 132 (3rd Cir. 2002) (Alito, J.) (citations omitted).

*Amici* can serve each of these roles. First, Scholar Seth Barrett Tillman is one of a very small handful of academics who has written extensively on the Constitution's Foreign Emoluments Clause, and more recently he has written on the Domestic Emoluments Clause.[1] Arguments in the Defendant's Motion to Dismiss are from, or derived from, Tillman's scholarship. By participating in oral argument, Amicus can "offer[] a historical perspective and insights that may not be available from the parties." *Citizens Against Casino Gambling in Erie Cty v. Hogen of Nat'l Indian Gaming Comm'n*, No. 07-cv-451S, 2008 WL 11357911, at *1 (W.D.N.Y. Jan. 10, 2008) (granting leave for *Amicus Curiae* to participate in oral argument).

---

[1] *See Business Transactions and President Trump's "Emoluments" Problem*, 40 HARV. J.L. & PUB. POL'Y 759 (2017); *Who Can Be President of the United States?: Candidate Hillary Clinton and the Problem of Statutory Qualifications*, 5 BRIT. J. AM. LEGAL STUDIES 95 (2016); *Originalism & the Scope of the Constitution's Disqualification Clause*, 33 QUINNIPIAC L. REV. 59 (2014); *The Original Public Meaning of the Foreign Emoluments Clause: A Reply to Professor Zephyr Teachout*, 107 NW. U. L. REV. Colloquy 180 (2013); Citizens United *and the Scope of Prof. Teachout's Anti-Corruption Principle*, 107 NW. U. L. REV. 399 (2012); Tillman & Steven G. Calabresi, Debate, *The Great Divorce: The Current Understanding of Separation of Powers and the Original Meaning of the Incompatibility Clause*, 157 U. PA. L. REV. PENNumbra 134 (2008).

4

Second, the government "has not conceded that the President is subject to the Foreign Emoluments Clause," but has stopped short of arguing that the President is not subject to the Foreign Emoluments Clause.[2] Since 2008, Tillman has consistently written that the Constitution's "office . . . under the United States" language and, more specifically, the Constitution's Foreign Emoluments Clause do not encompass the presidency or any other elected positions. Should the Court find that Plaintiffs' complaint moves forward despite Defendant's defenses connected to standing (and other threshold jurisdictional and justiciability questions), this Court will have to assess whether the Foreign Emoluments Clause and its "Office . . . under the United States" language applies to the President. In the absence of *Amici*'s participation, there will be a lack of adversarial proceedings on a wholly novel question that has not been addressed by the Supreme Court. Unless the case is dismissed on standing or other jurisdictional or justiciability grounds, a ruling on this important constitutional issue cannot be avoided.

Third, Tillman contends that adopting Plaintiffs' reading of the Foreign Emoluments Clause and Presidential Emoluments Clause would lead to bizarre structural consequences that bring many other elements of state and federal law, as well as long-standing institutional practices, into legal doubt. More importantly, finding that the President holds an "Office . . . under the United States" would have the practical effect of adding to the President's constitutional qualifications.

## Conclusion

For the foregoing reasons, *Amici* respectfully request that the Court grant this motion for leave to be heard at oral argument. This case demands a careful study of the text and history of

---

[2] Ltr. to the Ct. from Brett A. Shumate dated October 25, 2017, *CREW v. Donald J. Trump, in his Official Capacity as President of the United States*, Civ. A. No. 1:17-cv-00458-GBD (S.D.N.Y. Oct 25, 2017), [ECF No. 98], bit.ly/2pqubGM.

5

the Constitution, and related post-ratification practices of the government of the Early Republic. Tillman and JEP can provide the Court with accurate and essential information needed to make an informed judgment on whether the President holds an "Office of Profit or Trust under [the United States]."

Dated: December 31, 2017
Respectfully submitted,

By:
/s/ Jan I. Berlage
Jan I. Berlage
Gohn Hankey Stichel & Berlage LLP
201 North Charles Street
Suite 2101
Baltimore, Maryland 21201
Tel. (410) 752-1261
JBerlage@ghsllp.com
*Counsel for Amici Curiae*

Robert W. Ray
THOMPSON & KNIGHT LLP
900 Third Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 751-3349
Email: robert.ray@tklaw.com
*Co-Counsel for Amicus Curiae*
*Scholar Seth Barrett Tillman*

Josh Blackman
1303 San Jacinto Street
Houston, Texas 77002
Telephone: (202) 294-9003
Email: Josh@JoshBlackman.com
*Counsel for Amicus Curiae*
*Scholar Seth Barrett Tillman*

Carrie Severino
Judicial Education Project
722 12th St., N.W., Fourth Floor
Washington, D.C. 20005
Telephone: (571) 357-3134
Email: carrie@judicialnetwork.com
*Counsel for Amicus Curiae*
*Judicial Education Project*

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2017, I caused a true and correct copy of the foregoing to be served on all counsel of record through the Court's CM/ECF system.

/s/ Josh Blackman
Josh Blackman, Esq.
