THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

"APPROVED" THIS _16_ DAY
of _Aug_ , 20_18_ .

[signature]

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

THE DISTRICT OF COLUMBIA and
THE STATE OF MARYLAND,

Plaintiffs,

v.

DONALD J. TRUMP, President of the United
States of America, in his official and in his
individual capacity,

Defendants.

Civil Action No. 8:17-cv-01596-PJM

_____ FILED       K   _____ ENTERED
_____ LOGGED      _____ RECEIVED

AUG 16 2018

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY

DEPUTY

**JOINT RECOMMENDATION**

Pursuant to the Court's Order dated July 25, 2018 (Doc. 124), the parties submit this Joint

Recommendation regarding the next steps in this case.

**I.      Answer to the Amended Complaint**

Plaintiffs do not seek further amendment of the Amended Complaint at this time.

Defendant Donald J. Trump in his official capacity will file an Answer to the Amended Complaint

by September 5, 2018.

**II.     General Discovery Outline**

**A.      Description**

Plaintiffs' Position:

Plaintiffs recognize that the President intends to file a motion asking this Court to certify

an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and, if certification is granted, for a stay

of proceedings pending appeal.  Plaintiffs will oppose the relief sought by this motion, and will

respond to the President's arguments in support of that relief in accordance with the briefing

schedule adopted by this Court.  In the meantime, Plaintiffs believe that proceedings in this Court

can and should proceed and have set forth proposed deadlines for such proceedings elsewhere in this filing.

Given the ongoing nature of the alleged violations and the type of relief sought (i.e., declaratory and injunctive), Plaintiffs anticipate focused discovery geared towards an expeditious resolution of the case. Plaintiffs anticipate that much of the information relevant to prove Plaintiffs' claims in the case is in the possession, custody, or control of non-parties. Much of this discovery will be directed at the third-party entities that own, control, and manage the Trump International Hotel ("the Hotel") and BLT Steakhouse ("the Restaurant"). Plaintiffs anticipate the need for document discovery from these entities to determine the nature and extent of government funds received by the Hotel and/or Restaurant and the flow of these funds to the Defendant through the Donald J. Trump Revocable Trust. Plaintiffs expect to depose at least some of these entities.

In addition, Plaintiffs anticipate the need for discovery of third parties unrelated to the Trump Organization, including the General Services Administration and governmental entities who may have spent government funds at the Hotel and/or Restaurant. Plaintiffs further anticipate the need for expert discovery.

Position of the President in his official capacity:

The President, in his official capacity, intends to imminently move for certification of the Court's March 28 and July 25, 2018 Orders for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and for a stay of proceedings pending appeal. The Court's decision on the President's motion to dismiss presents a paradigmatic example of a case warranting such certification. As the President's § 1292(b) motion will demonstrate, not only do the two Orders satisfy the statutory criteria for certification, but this case presents the circumstance of a sitting President being

subjected to civil discovery in his official capacity, which will necessarily implicate significant separation of powers concerns.

The President therefore would object to any discovery directed to him in his official capacity on several grounds, including that such discovery is improper in a case where, as here, the President believes that the Court cannot issue the requested declaratory and injunctive relief against him. Moreover, the Supreme Court has made clear that discovery directed to the President in civil litigation should be strictly circumscribed because of the significant separation of powers concerns that would arise. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 389–90 (2004). As the Supreme Court has further instructed, "'occasion[s] for constitutional confrontation between the two branches' should be avoided whenever possible." *Id.* (quoting *United States v. Nixon*, 418 U.S. 683, 692 (1974))).

If discovery against the President in his official capacity were allowed to proceed now, it could lead to a constitutional confrontation between two branches of Government. In contrast, the Court of Appeals' early resolution of the controlling questions of the law presented in this case could avoid such confrontation. It could also conserve the Court's and the parties' resources because if the Court of Appeals agrees with the President's threshold or merits arguments, discovery could be obviated or significantly narrowed. The Court should thus exercise restraint by staying district court proceedings until this Court's jurisdiction and the validity of Plaintiffs' novel constitutional theory are addressed on interlocutory appeal.

If the Court allows discovery to proceed in this case, the President anticipates pursuing discovery concerning Plaintiffs' standing to sue, including evidence of any economic harm suffered by hospitality establishments in the District of Columbia ("D.C.") and Maryland— including those establishments in which Plaintiffs have financial interests—that is allegedly caused

by their competition with the Trump International Hotel in Washington, D.C. ("Trump Hotel").

Such discovery may seek evidence of patronage of hospitality establishments in D.C. and

Maryland—including those in which Plaintiffs have financial interests—by foreign, federal or

state government-funded customers over time and any evidence as to whether such customers have

shifted their business to the Trump Hotel. Such discovery may also seek evidence related to

Plaintiffs' assertion of the "intolerable dilemma" they allegedly face in connection with the

President's ownership interest in the Trump Hotel. Moreover, the President anticipates the need

for expert discovery.

### B.    Outline of Anticipated Schedule

The parties agree to hold a Rule 26(f) Conference on September 6, 2018. The parties will

submit a written report to the Court pursuant to Rule 26(f) by no later than September 14, 2018.

Although a more complete proposed discovery schedule will be discussed at that time, additional

information from the parties about a general outline of the anticipated schedule is below.

Plaintiffs' Position:

Plaintiffs anticipate needing approximately six months to complete fact discovery and an

additional two months to complete expert discovery. Accordingly, Plaintiffs anticipate that, in

the absence of a stay of these proceedings, fact discovery would close mid-March 2019, and

expert discovery would close mid-May 2019.

Position of the President in his official capacity:

Defendant anticipates that the discovery he intends to seek would take approximately

three months.

### III.   Other Matters

#### A.   Motion for Certification and, if Granted, for a Stay of District Court Proceedings

As noted above, President Trump in his official capacity plans to file a motion, pursuant to 28 U.S.C. § 1292(b), to certify for interlocutory appeal the Court's March 28 and July 15 Orders on the Motion to Dismiss (Doc. 101 and 123) and, if granted, to stay proceedings pending appeal. The parties have conferred and agreed on a proposed briefing schedule, as follows:

| | |
|---|---|
| Motion for Certification under 28 U.S.C. § 1292(b) | August 17, 2018 |
| Opposition to Motion for Certification | September 17, 2018 |
| Reply in Support of Motion | October 1, 2018 |

#### B.   The President's Motion to Dismiss the Individual Capacity Claims

The President's motion to dismiss the claims against him in his individual capacity remains pending, and the Court has indicated that "[a]ny further hearing to consider the arguments in Defendant's Individual Capacity Motion to Dismiss will be set in consultation with counsel." Doc. 124. The parties have agreed that no discovery will be served against the President in his individual capacity unless and until the motion to dismiss is denied.[1]   Defendants respectfully ask that the Court resolve that motion at its earliest possible convenience given that, if the motion is denied, having the official and individual claims on different tracks may complicate discovery and ultimately lead to an inefficient allocation of party and judicial resources.   Plaintiffs take no position on the timeline for resolving the motion to dismiss, but will make themselves available at the Court's convenience if the Court concludes that argument on the motion is necessary.

---

[1] Counsel for the President in his individual capacity takes no position on the parties' current proposals on discovery, and reserves all objections and rights with respect to discovery until after a decision is made on the motion to dismiss the claims against the President in his individual capacity. *See* Doc. No. 112.

Dated: August 15, 2018

THE STATE OF MARYLAND

BRIAN E. FROSH
Attorney General of Maryland
STEVEN M. SULLIVAN
Solicitor General
Federal Bar No. 24930

/s/ Leah J. Tulin
LEAH J. TULIN
Federal Bar No. 20083
Assistant Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
T: (410) 576-6962
F: (410) 576-7036
ltulin@oag.state.md.us

NORMAN L. EISEN
Federal Bar No. 09460
neisen@citizensforethics.org
NOAH D. BOOKBINDER*
nbookbinder@citizensforethics.org
STUART C. MCPHAIL*
smcphail@citizensforethics.org
Citizens for Responsibility and Ethics
in Washington
455 Massachusetts Avenue, N.W.
Washington, D.C. 20001
T: (202) 408-5565
F: (202) 588-5020

DEEPAK GUPTA*
deepak@guptawessler.com
DANIEL WILF-TOWNSEND*
Gupta Wessler PLLC
1900 L Street, N.W.
Washington, D.C. 20009
T: (202) 888-1741

Respectfully submitted,

THE DISTRICT OF COLUMBIA

KARL A. RACINE
Attorney General for the District of Columbia
NATALIE O. LUDAWAY
Chief Deputy Attorney General
Federal Bar No. 12533

/s/ Stephanie E. Litos
STEPHANIE E. LITOS*
Assistant Deputy Attorney General
441 Fourth Street, N.W.
Washington, D.C. 20001
T: (202) 724-6650
F: (202) 741-0647
stephanie.litos@dc.gov

JOSEPH M. SELLERS
Federal Bar No. 06284
jsellers@cohenmilstein.com
CHRISTINE E. WEBBER*
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, N.W.
Washington, D.C. 20005
T: (202) 408-4600

Attorneys for Plaintiffs

*admitted pro hac vice

6

CHAD A. READLER
Acting Assistant Attorney General

BRETT A. SHUMATE
Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

/s/ *Jean Lin*
JEAN LIN
Special Counsel
JAMES R. POWERS
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC  20530
Phone: (202) 514-3716
Fax: (202) 616-8202
Email: jean.lin@usdoj.gov

*Attorneys for the President in his official capacity*

/s/ *William S. Consovoy*
William S. Consovoy (No. 20397)
Thomas R. McCarthy
Bryan K. Weir
Consovoy McCarthy Park PLLC
3033 Wilson Blvd., Suite 700
Arlington, VA 22201
T: (703) 243-9423
F: (703) 243-8696
will@consovoymccarthy.com

Patrick N. Strawbridge
Consovoy McCarthy Park PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, Massachusetts 02109
T: (617) 227-0548

*Attorneys for Defendant in his individual capacity*

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2018, I electronically filed a copy of the foregoing. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ *Leah J. Tulin*
Leah J. Tulin