# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# Greenbelt Division

| | |
|---|---|
| THE DISTRICT OF COLUMBIA and THE STATE OF MARYLAND,<br><br>         *Plaintiffs,*<br><br> v.<br><br>DONALD J. TRUMP, President of the United States of America, in his official and in his individual capacity,<br><br>         *Defendants*. | Civil Action No. 8:17-cv-01596-PJM |

## STATEMENT PURSUANT TO F.R.C.P. 26(f)

On Thursday, September 6, 2018, counsel for Plaintiffs met with counsel for Defendant President Trump in his official capacity and counsel for President Trump in his individual capacity. The parties submit the following statement, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, regarding the topics discussed at that conference. Plaintiffs do not believe that a scheduling conference is necessary at this time and respectfully request that the Court enter a scheduling order that includes the discovery deadlines listed in Part II.B.2. The President in his official capacity requests that the Court first convene a scheduling conference before issuing a scheduling order.[1]

---

[1] The President's motion to dismiss the claims asserted against him in his individual capacity remains pending before the Court. *See* Dkt. No. 112. Until a decision is made on that order, no discovery plan is required of the President in his individual capacity, and the parties all agree that no discovery of the President in his individual capacity shall take place before a decision on that motion. If the pending motion to dismiss is denied, the President in his individual capacity reserves the right to revisit deadlines and other provisions of this order. For the sake of mutual efficiency, counsel for the President in his individual capacity has agreed to participate in limited fashion to provide input on certain aspects of the discovery that will likely apply to all future proceedings (such as the terms of a protective order or scope of any privilege logs).

I.  **Nature of Claims and Defenses**

   A.  **Plaintiffs' Statement**

Plaintiffs the District of Columbia and the State of Maryland allege that President Donald J. Trump, in his official capacity and in his individual capacity, is violating the Foreign and Domestic Emoluments Clauses of the U.S. Constitution due to his receipt of foreign, state, and domestic governmental funds at the Trump International Hotel in Washington, D.C., and its appurtenances ("Hotel"), including the restaurant, BLT Prime ("Restaurant").

Plaintiffs seek a declaratory judgment that President Trump has violated and is continuing to violate the Foreign and Domestic Emoluments Clauses. Plaintiffs further seek injunctive relief enjoining President Trump from violating the Foreign and Domestic Emoluments Clauses.

   B.  **Statement of the President in his official capacity**

The President, in his official capacity, argues that Plaintiffs lack standing to pursue their claims, that they lack a cause of action under the Emoluments Clauses, that the Court lacks jurisdiction to grant the equitable relief requested against the President in his official capacity, and that Plaintiffs have failed to state a claim upon which relief can be granted.

II.  **Discovery Plan**

   A.  **Initial Disclosures**

The parties agree that the disclosures required by Rule 26(a)(1)(A) need not be made until October 19, 2018.

   B.  **Subjects and Scheduling of Discovery**

      1.  **Subjects for Discovery**

<u>Plaintiffs' Statement</u>: Plaintiffs plan to focus discovery primarily on third parties. Much of this discovery will be directed at the third-party entities that own, control, and manage the Hotel

and Restaurant. Plaintiffs are currently aware of approximately a dozen relevant entities, which are among the entities listed on the List of Entities to Receive Preservation Subpoena (Doc. 43-1). Plaintiffs anticipate the need for document discovery from and depositions of these entities to determine (1) the circumstances surrounding, and the extent of, funds from foreign and domestic governments received by the Hotel and Restaurant; (2) the steps the Hotel and/or Restaurant have taken to attract business from foreign, domestic, and/or state governments; (3) the ownership and management structure of the Hotel and the Restaurant; (4) the flow of funds from the Hotel and the Restaurant to the Donald J. Trump Revocable Trust and the payment, and the calculation of the amount of, any such funds to the United States government; (5) President Trump's receipt of funds from the Donald J. Trump Revocable Trust or receipt of funds from the Hotel and Restaurant though any other method; (6) the Hotel and Restaurant's pricing, facilities, services, reputation, and competitive analyses; and (7) the circumstances surrounding the Hotel's lease and relevant communications with the General Services Administration.

In addition, Plaintiffs anticipate the need for discovery of third parties unrelated to the Trump Organization. This will likely include discovery from hotels, restaurants, and event spaces located in the District of Columbia and Maryland that may compete with the Hotel and Restaurant; discovery from foreign and domestic government entities that may have spent governmental funds at the Hotel and Restaurant; and document discovery from banks and other financial institutions that may be necessary to gain a full picture of the Hotel's and Restaurant's finances. Plaintiffs will further seek discovery from the General Services Administration regarding the Hotel's lease and discovery from the U.S. Department of Treasury regarding any payments from the Trump Organization that purport to consist of proceeds from governmental business.

To the extent that either of the Defendants designates one or more expert witnesses, Plaintiffs anticipate that expert discovery will be necessary.

Plaintiffs may also seek limited discovery from President Trump in his official capacity on the subject of his communications with foreign, state, and domestic government officials regarding the Hotel and/or Restaurant.  At this point, Plaintiffs plan to pursue the alternative sources of discovery described above prior to seeking discovery directly from the President in his official capacity.  Moreover, if Plaintiffs ultimately determine that seeking discovery from the President is necessary, they expect that this Court will exercise its sound discretion to "properly manage[]" such discovery to avoid any undue burden on the President and to appropriately account for the "high respect that is owed to the office of the Chief Executive."  *Clinton v. Jones*, 520 U.S. 681, 702, 707 (1997).

The parties have agreed that discovery against the Defendant in his individual capacity shall not commence while the Motion to Dismiss is pending. Should the Motion to Dismiss be denied, Plaintiffs may seek limited discovery from President Trump in his individual capacity.

Defendant's Statement (Official Capacity):  The President, in his official capacity, has moved for certification of the Court's March 28 and July 25, 2018 Orders for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and for a stay of proceedings pending appeal.  *See* ECF No. 127. Accordingly, the President believes that in the interest of conserving the Court's and the parties' resources, this Court should first resolve the pending motion for interlocutory appeal.

The President further states that Plaintiffs should not be permitted to seek discovery against the President, in his official capacity, including discovery concerning the President's communications with representatives of foreign, state, or domestic governments.  Civil discovery against a sitting President in his official capacity necessarily implicates significant separation of

powers concerns. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–82, 389–90 (2004). The Supreme Court has made clear that discovery directed to the President in civil litigation should be strictly circumscribed because of the significant separation of powers concerns that would arise and the public interest in protecting Presidential confidentiality and ensuring energetic performance of his constitutional duties. *See id.* at 381–82. This applies with particular force to the President's communications in his official capacity, which in any event would be subject to the presidential communications privilege. Accordingly, no discovery against the President in his official capacity should be permitted and the Court's scheduling order should so state.

If discovery proceeds in this case, the President anticipates seeking discovery concerning Plaintiffs' standing, including but not limited to the following subjects:

- Evidence of patronage by foreign, state, and local government representatives and instrumentalities at establishments in which Plaintiffs have a proprietary interest and whether there is any evidence of any loss of such government business to the Trump International Hotel in Washington, D.C.

- Financial performance of establishments in which Plaintiffs have a proprietary interest, including any evidence of a decrease in revenues in government business at these establishments since January 20, 2017 and whether there is any evidence of a connection between such decrease in revenue and the President's financial interest in the Trump International Hotel in Washington, D.C.

- Any evidence supporting Plaintiffs' alleged competitive injury, including evidence concerning competitive conditions in the hospitality (hotels, restaurants, and event venues) markets in the Washington, D.C. metropolitan area.

- Evidence of whether a substantial portion of Plaintiffs' local economies have been harmed by the operation of the Trump International Hotel.

- Evidence supporting Plaintiffs' alleged "intolerable dilemma" theory of injury, including the existence of any evidence of requests for any special regulatory treatment by the Trump International Hotel in Washington, D.C. and Plaintiffs' decision making in response to such request.

### 2. Discovery Schedule

As noted above, the President believes that this Court should first rule on his pending motion for interlocutory appeal pursuant to 28 U.S.C. § 1292 and motion for a stay pending appeal. Plaintiffs disagree, and believe that if the President believes a stay of discovery pending a ruling on his motion for interlocutory appeal is appropriate, he should seek such a stay from this Court.

To the extent that discovery proceeds now, as Plaintiffs believe it should, the parties jointly propose the following discovery deadlines:

- Fact discovery will conclude on March 22, 2019, with all discovery requests to be served at least 30 days in advance such that the responses are due on or before March 22, 2019.

- Disclosures of expert witnesses will be due by March 29, 2019.

- Expert discovery will conclude May 24, 2019.[2]

### C. Treatment of Electronically Stored Information

The parties believe that an agreement establishing a protocol for the discovery of electronically stored information (ESI) may be necessary in this matter, but that the necessity and

---

[2] If the Court concludes that discovery should not commence at this time, Plaintiffs request a commensurate extension to the discovery deadlines proposed above, which contemplate six months for fact discovery and an additional two months for expert discovery.

terms of such an ESI protocol are best determined after the parties' discovery requests are served and their scope is known. Should the parties determine that an ESI protocol is necessary to facilitate discovery in this matter, the parties will, at an appropriate time, meet and confer to agree on the appropriate ESI protocol.

### D.      Claims of Privilege

The parties intend to meet and confer regarding appropriate privilege log protocols. The parties further plan to propose a Fed. R. Evid. 502 Order for this Court's approval similar to the sample order outlined in Local Rule 104.14. The parties plan to work together to formulate such an order for the Court's approval.

### E.      Discovery Limits

Unless altered by subsequent agreement of the parties or court order, the parties agree that their discovery requests will be subject to the limits imposed by the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Maryland.

### F.      Protective Order

The parties agree that a protective order is necessary to protect confidential information produced during discovery. The parties plan to propose a protective order for the Court's review shortly.

## III.      Possibility of Prompt Settlement or Resolution

Given the nature of the claims and of the relief sought, the parties do not believe that this case is susceptible to settlement at this time.

Dated: September 14, 2018                                  Respectfully submitted,

THE STATE OF MARYLAND                                      THE DISTRICT OF COLUMBIA

BRIAN E. FROSH                                             KARL A. RACINE
Attorney General of Maryland                               Attorney General for the District of Columbia
STEVEN M. SULLIVAN                                         NATALIE O. LUDAWAY
Solicitor General                                          Chief Deputy Attorney General
Federal Bar No. 24930                                      Federal Bar No. 12533

*/s/ Leah J. Tulin*                                        */s/ Stephanie E. Litos*
LEAH J. TULIN                                              STEPHANIE E. LITOS*
Federal Bar No. 20083                                      Assistant Deputy Attorney General
Assistant Attorney General                                 Civil Litigation Division
200 Saint Paul Place, 20th Floor                           441 Fourth Street, N.W.
Baltimore, Maryland 21202                                  Washington, D.C. 20001
T: (410) 576-6962                                          T: (202) 724-6650
F: (410) 576-6955                                          F: (202) 741-0647
ltulin@oag.state.md.us                                     stephanie.litos@dc.gov

NORMAN L. EISEN                                            JOSEPH M. SELLERS
Federal Bar No. 09460                                      Federal Bar No. 06284
neisen@citizensforethics.org                               jsellers@cohenmilstein.com
LAURA C. BECKERMAN*                                        CHRISTINE E. WEBBER*
lbeckerman@citizensforethics.org                           Cohen Milstein Sellers & Toll PLLC
STUART C. MCPHAIL*                                         1100 New York Avenue, N.W.
smcphail@citizensforethics.org                             Washington, D.C. 20005
Citizens for Responsibility and Ethics                     T: (202) 408-4600
  in Washington
455 Massachusetts Avenue, N.W.
Washington, D.C. 20001
T: (202) 408-5565
F: (202) 588-5020

DEEPAK GUPTA*
deepak@guptawessler.com
DANIEL TOWNSEND*
Gupta Wessler PLLC
1900 L Street, N.W.
Washington, D.C. 20009
T: (202) 888-1741

*Attorneys for Plaintiffs*

*\*admitted pro hac vice*

JOSEPH H. HUNT
Assistant Attorney General

BRETT A. SHUMATE
Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

/s/ *Jean Lin*
JEAN LIN
Special Counsel
JAMES R. POWERS
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC  20530
Phone: (202) 514-3716
Fax: (202) 616-8202
Email: jean.lin@usdoj.gov

*Attorneys for the Defendant in his official capacity*

/s/ *William S. Consovoy*
William S. Consovoy (No. 20397)
Thomas R. McCarthy
Bryan K. Weir
Consovoy McCarthy Park PLLC
3033 Wilson Blvd., Suite 700
Arlington, VA 22201
T: (703) 243-9423
F: (703) 243-8696
will@consovoymccarthy.com

Patrick N. Strawbridge
Consovoy McCarthy Park PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, Massachusetts 02109
T: (617) 227-0548

*Attorneys for Defendant in his individual capacity*