THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
**Greenbelt Division**

| | |
|---|---|
| THE DISTRICT OF COLUMBIA and THE STATE OF MARYLAND,<br><br>       *Plaintiffs,*<br><br> v.<br><br>DONALD J. TRUMP, President of the United States of America, in his official and in his individual capacity,<br><br>       *Defendant.* | Civil Action No. 8:17-cv-01596-PJM |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR
PROPOSED DISCOVERY SCHEDULE**

Plaintiffs, the District of Columbia and the State of Maryland, submit this reply in support of their proposed discovery schedule. In his response, Defendant President Donald J. Trump, in his official capacity, expressly "does not object to the discovery schedule proposed by Plaintiffs." Resp. at 1. Instead, he categorically objects to the commencement of *any* discovery. Although not styled as a motion to stay proceedings, Defendant's latest filing seeks the same relief as his prior stay motion. As such, Defendant must demonstrate that the stay is warranted in light of judicial economy and the balance of equities and harms. *See* Mem. Op. at 27, *District of Columbia v. Donald J. Trump*, No. 17-CV-1596 (D. Md. Nov. 2, 2018), ECF No. 135 (citing *Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 731 (D. Md. 2018)).

In rejecting Defendant's previous request to stay discovery, this Court determined that a stay "would not serve judicial economy," Mem. Op. at 28; that Defendant would not suffer significant "hardship or inconvenience" given that Plaintiffs' discovery will focus on third parties, not the Defendant himself, *id.* at 28-29; and that a stay would substantially prejudice Plaintiffs, *id.*

at 30.  Nothing has changed in the month since this Court's well-reasoned decision.  Defendant's statement that he has been "authorized" to seek mandamus in the Fourth Circuit, Resp. at 1—without any indication that he actually intends to file such a petition or the date of this potential filing—does not affect the calculus any more than his (failed) motion to certify an interlocutory appeal.

The ongoing litigation concerning the Trump Administration's decision to add a citizenship question to the 2020 census is instructive on this point.  In that case, the Administration sought stays of discovery and other proceedings—including trial—based on a forthcoming mandamus petition, and the district court soundly denied the requests.  *See, e.g.*, *New York v. U.S. Dep't of Commerce*, No. 18-CV-2921, 2018 WL 4279467, at *1-*5 (S.D.N.Y. Sept. 7, 2018) (discovery); *New York v. U.S. Dep't of Commerce*, No. 18-CV-2921, 2018 WL 5307097 (S.D.N.Y. Oct. 26, 2018) (trial), *as amended*, 2018 WL 5791968 (Nov. 5, 2018).  The Second Circuit and the U.S. Supreme Court followed suit.  *See, e.g.*, *In re United States Dep't of Commerce*, Nos. 18-2856 & -2857, 2018 WL 5603576 (2d Cir. Oct. 26, 2018); *In re Dep't of Commerce*, No. 18A455, 2018 WL 5778244 (U.S. Nov. 2, 2018).  Indeed, even after the Administration filed its mandamus petition and the Supreme Court granted certiorari to review its denial, the district court and the Second Circuit still declined to stay proceedings, including potential entry of final judgment.  *New York v. U.S. Dep't of Commerce*, No. 18-CV-2921, 2018 WL 6060304 (S.D.N.Y. Nov. 20, 2018); *In re United States Dep't of Commerce*, Nos. 18-2856 & -2857, 2018 WL 6138090 (2d Cir. Nov. 21, 2018).  If the Supreme Court's grant of certiorari is not a sufficient basis on which to stay active litigation, then surely Defendant's suggestion that he might file a mandamus petition is no reason to stay discovery, particularly when discovery will be primarily focused on third parties.[1]

---

[1] Indeed, this Court has already concluded that proceeding with the discovery that Plaintiffs plan to seek is "unlikely to impose any meaningful burden on the President individually" and has recognized that, if

For the foregoing reasons, this Court should enter Plaintiffs' proposed discovery schedule.

| | |
|---|---|
| Dated: December 2, 2018 | Respectfully submitted, |
| THE STATE OF MARYLAND | THE DISTRICT OF COLUMBIA |
| BRIAN E. FROSH<br>Attorney General of Maryland | KARL A. RACINE<br>Attorney General for the District of Columbia |
| STEVEN M. SULLIVAN<br>Solicitor General<br>Federal Bar No. 24930 | NATALIE O. LUDAWAY<br>Chief Deputy Attorney General<br>Federal Bar No. 12533 |
| */s/ Leah J. Tulin*<br>LEAH J. TULIN<br>Federal Bar No. 20083<br>Assistant Attorney General<br>200 Saint Paul Place, 20th Floor<br>Baltimore, Maryland 21202<br>T: (410) 576-6962<br>F: (410) 576-7036<br>ltulin@oag.state.md.us | */s/ Stephanie E. Litos*<br>STEPHANIE E. LITOS*<br>Assistant Deputy Attorney General<br>Civil Litigation Division<br>441 Fourth Street, N.W.<br>Washington, D.C. 20001<br>T: (202) 724-6650<br>F: (202) 741-0647<br>stephanie.litos@dc.gov |
| NORMAN L. EISEN<br>Federal Bar No. 09460<br>neisen@citizensforethics.org<br>LAURA C. BECKERMAN*<br>lbeckerman@citizensforethics.org<br>STUART C. MCPHAIL*<br>smcphail@citizensforethics.org<br>Citizens for Responsibility and Ethics in Washington<br>1101 K Street, N.W., Suite 201<br>Washington, D.C. 20005 | JOSEPH M. SELLERS<br>Federal Bar No. 06284<br>jsellers@cohenmilstein.com<br>CHRISTINE E. WEBBER*<br>Cohen Milstein Sellers & Toll PLLC<br>1100 New York Avenue, N.W.<br>Washington, D.C. 20005 |
| DEEPAK GUPTA*<br>deepak@guptawessler.com<br>DANIEL TOWNSEND*<br>Gupta Wessler PLLC<br>1900 L Street, N.W., Suite 312<br>Washington, D.C. 20009 | *Attorneys for Plaintiffs*<br><br>*\*admitted pro hac vice* |

---

Defendant later finds any particular aspect of discovery unusually burdensome *on him*, he may request relief from the Court. Mem. Op. at 28-29. The harm to Plaintiffs from a stay, however, would be considerable, given that it would bring the case to a halt despite the Plaintiffs prevailing on Defendant's motion to dismiss.

3