# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| THE DISTRICT OF COLUMBIA, et al., *Plaintiffs*, v. DONALD J. TRUMP, in his official capacity as President of the United States and in his individual capacity, *Defendants*. | No. 8:17-cv-1596-PJM |

## REQUEST FOR STATUS CONFERENCE

Defendant Donald J. Trump, in his individual capacity, respectfully asks the Court to convene a conference to discuss the status of the President's pending motion to dismiss the complaint against him. The President, in his Official Capacity, consents to this request for a status conference. Plaintiffs do not have a position and defer to the Court on a schedule for further proceedings in connection with the pending motion.

On March 12, 2018, Plaintiffs—at the Court's urging—amended their complaint to name the President in his individual capacity. (Doc. 95). The President indicated his intent to seek dismissal and sought to expedite briefing so his motion could be argued at the hearing scheduled for June 11, 2018. (Doc. 110). The Court granted the motion to expedite but denied the request to participate at the hearing, explaining that "[t]he extent to which, if at all, the Court will entertain oral argument on the President's Motion to Dismiss in his individual capacity will be addressed at a later time." (Doc. 111). The President argued in his motion to dismiss, among things, that he is entitled to absolute immunity. (Doc. 112 at 24-27). Briefing on the motion was completed on May 25, 2018. (Doc. 117) (opposition brief); (Doc. 118) (reply brief).

1

On July 25, 2018, the Court denied the motion to dismiss the official-capacity claims. (Doc. 123). The Court advised that it would "address the individual capacity claims and the arguments to dismiss them in a separate Opinion." *Id.* at 1 n.2; *see id.* at 51 ("The Court will address the President's Motion to Dismiss the individual capacity claims against him in a subsequent Opinion."). The Court's order provided: "3. The Court DEFERS ruling on the President's Motion to Dismiss the individual capacity claims against him .... 4. Any further hearing to consider the arguments in Defendant's Individual Capacity Motion to Dismiss will be set in consultation with counsel." (Doc. 124). On August 15, 2018, the parties filed a Status Report in which Defendants asked the Court to resolve the motion "at its earliest possible convenience given that, if the motion is denied, having the official and individual claims on different tracks may complicate discovery and ultimately lead to an inefficient allocation of party and judicial resources." (Doc. 125 at 5). Fact discovery is scheduled to commence on or about December 3, 2018. (Doc. 140).

The pendency of the motion to dismiss imperils the President's absolute immunity. "Absolute immunity enables" the defendant "to be free, not only from 'the consequences of litigation's results, but also from the burden of defending themselves.'" *Burtnick v. McLean*, 76 F.3d 611, 613 (4th Cir. 1996) (quoting *Dombrowski v. Eastland,* 387 U.S. 82, 85, 87 (1967)). In other words, immunity "is meant to give government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such *pretrial* matters as discovery ..., as [i]nquiries of this kind can be peculiarly disruptive of effective government.'" *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Hence, a defendant seeking dismissal on immunity grounds "is entitled to dismissal *before* the commencement of discovery" if his position has merit. *Mitchell*, 472 U.S. at 526 (emphasis added). Once the defendant must engage in discovery "some of the rights inherent in [an] ... immunity defense are lost." *Jenkins v. Medford*, 119 F.3d 1156, 1159 (4th Cir. 1997).

The President's immunity has already been impaired by his necessary participation in pretrial proceedings. To be sure, Plaintiffs have agreed "that no discovery will be served against the President in his individual capacity unless and until the motion to dismiss is denied." (Doc. 125 at 5). But that has not eliminated the President's need to participate in the drafting, editing, and negotiation of a Protective Order and a discovery protocol for Electronically Stored Information. Nor will Plaintiffs' decision to refrain from seeking discovery from the President in his individual capacity immunize him from further pretrial burdens. Among other things, the President will need to review the flurry of discovery requests and responses that the other parties will trade; he also will need to review the significant third-party discovery Plaintiffs seek. The President, in turn, will be drawn into the inevitable disputes that will arise as discovery progresses. He will have no other choice as the Court's resolution of disputed issues may bind him if his motion to dismiss is eventually denied. In sum, the President will suffer the very burdens from which absolute immunity is supposed to shield him.

For all of these reasons, the President, in his individual capacity, respectfully asks the Court to convene a status conference at its earliest convenience.

    Respectfully submitted,

*/s/ William S. Consovoy*
William S. Consovoy
Thomas R. McCarthy
Bryan K. Weir
CONSOVOY MCCARTHY PARK PLLC
3033 Wilson Blvd., Suite 700
Arlington, VA 22201
(703) 243-9423

Patrick Strawbridge
CONSOVOY MCCARTHY PARK PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, MA  02109
(617) 227-0548

December 3, 2018    *Attorneys for Defendant in his individual capacity*

**CERTIFICATE OF SERVICE**

      I certify that on December 3, 2018, I electronically filed this document with the Clerk of Court for the U.S. District Court for the District of Maryland using the CM/ECF system, which will send notification of the filing to all counsel.

                                                             */s/ William S. Consovoy*
                                                             William S. Consovoy

                                                             *Attorney for Defendant in his individual capacity*