IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THE DISTRICT OF COLUMBIA, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States and in his individual capacity,<br><br>*Defendant*. | No. 8:17-cv-1596-PJM |

**MOTION TO STAY PENDING APPEAL
ON BEHALF OF DEFENDANT IN HIS INDIVIDUAL CAPACITY**

**INTRODUCTION**

As the Court is aware, the Plaintiffs amended their complaint to name the President in his individual capacity on March 12, 2018. (Doc. 95). The President filed a motion to dismiss on May 1, 2018, and argued, among other things, that he is entitled to absolute immunity in his individual capacity. (Doc. 112 at 24-27). The Court granted the parties' request to expedite briefing on this motion (Doc. 111), which was completed on May 25, 2018. (Doc. 117) (opposition brief); (Doc. 118) (reply brief). The Court denied the motion to dismiss the official-capacity claims on July 25, 2018. (Doc. 123). But it did not rule on the motion to dismiss the individual-capacity claims, stating only that it would "address the individual capacity claims and the arguments to dismiss them in a separate Opinion." *Id.* at 1 n.2; *see also id.* at 51.

On August 15, 2018, the parties filed a Status Report in which Defendants asked the Court to resolve the motion "at its earliest possible convenience given that, if the motion is denied, having the official and individual claims on different tracks may complicate discovery and ultimately lead to an inefficient allocation of party and judicial resources." (Doc. 125 at 5). On December 3, with fact discovery about to commence, the President again asked for a status conference for his motion to dismiss and outlined how the President's immunity has already been impaired by his participation in pretrial proceedings. (Doc. 143). Later that day, the Court entered an order opening discovery. (Doc. 145). In response to that order, Plaintiffs propounded almost forty subpoenas to third parties, including to The Trump Organization. Among other things, those subpoenas requested "[d]ocuments sufficient to show Donald J. Trump's or Trump Trust's current, historic, and future Financial Interest in the Trump International Hotel Washington, D.C." and "[d]ocuments sufficient to identify all Businesses doing business in the Washington D.C. metropolitan area in which Donald J. Trump or Trump Trust has a Financial Interest." Ex. A. at 7-8. Objections to those subpoenas are due as early as next week, and the subpoenas demand production of documents by the first week of January, 2019.

1

To date, the Court has neither ruled on the President's pending motion to dismiss nor set a conference to discuss its status. The Court's "refusal to consider the [immunity] question" has "subjected [the President] to further pretrial procedures, and so effectively denied him … immunity." *Jenkins v. Medford*, 119 F.3d 1156, 1159 (4th Cir. 1997) (en banc). The Fourth Circuit treats such refusals the same as a decision denying a motion to dismiss on immunity grounds and the President has the right to an immediate appeal from that failure to render a decision. *Id.*; *see also Nero v. Mosby*, 890 F.3d 106, 125 (4th Cir. 2018) ("[W]e have held that a district court's refusal to rule on an immunity-from-suit defense decided the immunity question for purposes of the collateral order doctrine."); *Everson v. Leis*, 556 F.3d 484, 493 (6th Cir. 2009) (holding that a "district court's refusal to rule [on immunity] can be appealed immediately to this court"); *Smith v. Reagan*, 841 F.2d 28, 31 (2d Cir. 1988) ("By holding the decision [on immunity] in abeyance pending the completion of all discovery in the case, the district court effectively denie[s] that right").

The President today filed a notice of appeal and requests a stay of proceedings pending that appeal, as well as an order shortening the time to respond to this motion. Counsel for the President in his official capacity consents to the relief requested in this motion. Plaintiffs oppose.

## ARGUMENT

### I.  This Court Must Stay Discovery Pending The Appeal

The Supreme Court has explained that until a "threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("[I]f the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery."). The reason for this rule is well-known. The "basic thrust" of immunity is "to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009). It is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511,

526 (1985). "The entitlement is an *immunity from suit* rather than a mere defense to liability; and … it is effectively lost if a case is erroneously permitted to go to trial." *Id.*

This principle means that defendants have a right to immediately appeal an adverse immunity decision. *Mitchell*, 472 U.S. at 526-27. That right would be meaningless, however, if a district court could force defendants to participate in proceedings while the appeal was pending. Indeed, "[t]he interruption of the trial proceedings is the central reason and justification for authorizing such an interlocutory appeal in the first place." *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990). And "[i]t is no answer to these concerns to say that discovery for [the President] can be deferred while pretrial proceedings continue for" third parties. *Iqbal*, 556 U.S. at 685. Because "when discovery as to the other parties proceeds, it would prove necessary for [the President] and [his] counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to [his] position." *Id.* So even if the President is not himself directly "subject to discovery orders, then, [he] would not be free from the burdens of discovery." *Id.* at 686.

It thus does not matter that the parties agreed not to propound discovery directly on the President in his individual capacity until his motion to dismiss was decided. (Doc. 132 n.1). Given the broad scope of the discovery served by Plaintiffs, it undoubtedly will "require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed." *Iqbal*, 556 U.S. at 685. Counsel for the President in his individual capacity will have to review, analyze, and advise their client on the scope of the subpoenas, any objections to them, any subsequent motion practice, and the material produced in response. Even more participation will be necessary if and when the parties take depositions or proffer expert witness reports. Any further progress of this litigation is certain to "exact[] heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government." *Id.*

For these reasons, "no trial or other proceedings toward trial should be conducted while the interlocutory appeal is pending, and discovery is properly stayed," *McFadyen v. Duke Univ.*, No. 07-cv-953, 2011 WL 13134315, at *2 (M.D.N.C. June 9, 2011), as defendants have an "automatic entitlement to a stay of proceedings pending resolution of the interlocutory appeal," *Speers v. Cty. of Berrien*, No. 04-cv-32, 2005 WL 1907525, at *3 (W.D. Mich. Aug. 10, 2005); *see also Goshtasby v. Bd. of Trustees of Univ. of Illinois*, 123 F.3d 427, 428 (7th Cir. 1997) ("[W]hen a public official takes an interlocutory appeal to assert a colorable claim to absolute or qualified immunity from damages, the district court must stay proceedings."); *Hegarty v. Somerset Cty.*, 25 F.3d 17, 18 (1st Cir. 1994) ("[T]he stay of discovery, of necessity, ordinarily must carry over through the *appellate court*'s resolution of [the immunity] question."); *English v. Dyke,* 23 F.3d 1086, 1089 (6th Cir. 1994) ("While the [immunity] issue is before the trial court or the case is on appeal, the trial court should stay discovery."). The Court therefore should stay proceedings pending the appeal.[1]

## II. Expedited Briefing On This Motion Is Necessary To Preserve The President's Immunity Rights

The President requests that the Court order an expedited response to this motion. Under the Court's rules, Plaintiffs have 14 days to respond to the motion. *See* L.R. 105(2)(a). That is too long for the President to obtain relief before his immunity rights are further eroded because the return date on the Plaintiffs' subpoenas are as early as January 2, 2019. To give the Court sufficient time to issue a decision before that date, the President requests that the Court order Plaintiffs to respond to this motion within five days; the President will file his reply within two days afterward.

---

[1] The Court should independently grant a stay under its discretionary authority to do so. The President thus incorporates the arguments previously made by the President in his official capacity in support of a stay pending appeal on 1292(b) certification. (Doc. 127, at 25-27; Doc. 134, at 15-17). In addition to the arguments raised there—when the President's immunity was not directly at issue—the competing interest of preserving the President's immunity supports a stay.

## CONCLUSION

For the foregoing reasons, the Court should stay proceedings pending the President's appeal.

Respectfully submitted,

*/s/ William S. Consovoy*
William S. Consovoy (No. 20397)
Thomas R. McCarthy
Bryan K. Weir
CONSOVOY MCCARTHY PARK PLLC
3033 Wilson Blvd., Suite 700
Arlington, VA 22201
T: (703) 243-9423
F: (703) 243-8696
will@consovoymccarthy.com

Patrick N. Strawbridge
CONSOVOY MCCARTHY PARK PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, Massachusetts 02109
T: (617) 227-0548

December 14, 2018                                             *Attorneys for Defendant in his individual capacity*

**CERTIFICATE OF SERVICE**

I certify that on December 14, 2018, I electronically filed this document with the Clerk of Court for the U.S. District Court for the District of Maryland using the CM/ECF system, which will send notification of the filing to all counsel.

                                           */s/ William S. Consovoy*
                                           William S. Consovoy

                                           *Attorney for Defendant in his individual capacity*