**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

THE DISTRICT OF COLUMBIA, et al.,

*Plaintiffs,*

v.

DONALD J. TRUMP, in his official capacity
as President of the United States and in his individual
capacity,

*Defendant.*

No. 8:17-cv-1596-PJM

**REPLY IN SUPPORT OF MOTION TO STAY PENDING APPEAL**
**ON BEHALF OF DEFENDANT IN HIS INDIVIDUAL CAPACITY**

## INTRODUCTION

In light of the Fourth Circuit's order yesterday granting a stay in this case (Doc. 157), the motion to stay filed by the President in his individual capacity (Doc. 148) is now moot. But the President's individual-capacity appeal is pending before the Fourth Circuit. Under controlling precedent, the President's notice of appeal divested this Court of jurisdiction necessary to effectuate any dismissal. Plaintiffs' Rule 41(a)(1) notice is, accordingly, without any effect. Moreover, Rule 41 is not the proper method for dismissing a party; rather, the Rule by its terms applies only to the dismissal of "an action." Fed. R. Civ. P. 41(a). The Plaintiffs' filing did not seek to dismiss their entire action, and is therefore defective on its own terms. Indeed, Rule 41(a) was intended to prevent the very kind of gamesmanship the Plaintiffs have engaged in here.[1]

## ARGUMENT

### I.    The Plaintiffs Cannot Effect Dismissal Through Rule 41(a).

For two independent reasons, the Plaintiffs' attempt to dismiss this case without prejudice under Rule 41(a)(1) is of no effect. *See* Doc. 154.

### A.    Because the Court of Appeals has jurisdiction over this case, dismissal can no longer be effected in the District Court.

The President's notice of appeal (Doc. 147) terminated this Court's plenary jurisdiction over the action against the President in his individual capacity. It has long been "generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58

---

[1] Because the motion to stay is now moot, this reply addresses only the non-effect of the Plaintiffs' attempted voluntary dismissal. The President, however, reserves the right to renew his motion to stay if such relief becomes necessary.

(1982). This rule is black-letter law. *See, e.g., Doe v. Public Citizen*, 749 F.3d 246, 258 (4th Cir. 2014) ("Generally, a timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal."); *Levin v. Alms and Associates, Inc.*, 634 F.3d 260, 263 (4th Cir. 2011) (quoting *Griggs*, 459 U.S. at 58); *United States v. Christy*, 3 F.3d 765, 767-68  (4th Cir. 1993) ("[W]hen the notice of appeal was filed it divested the district court of its jurisdiction over the case and conferred jurisdiction upon this Court."); *United States v. Perate,* 719 F.2d 706, 711 (4th Cir. 1983) ("The proper filing of the notice of appeal … terminated the jurisdiction of the district court over this case").

When this Court lost jurisdiction, it necessarily lost any power to effectuate dismissal. "After the appeal is docketed, dismissal may be effected only in the court of appeals." *United States v. Hitchmon,* 602 F.2d 689, 692 (5th Cir. 1979), *superseded by statute on other grounds*; *see also Sagone v. Florence Cnty Detention Ctr.*, 57 F.3d 1067, at *1 (4th Cir. 1995) (unpublished) (explaining that once "the appeal [was] docketed in this Court," the trial judge "lacked jurisdiction to dismiss the appeal."); *United States v. Ramey*, 559 F. Supp. 60, 68 (D. Tenn. 1981) (noting that "no action may be taken by this District Court" on request to dismiss case that was docketed in the Court of Appeals).

The federal rules of trial and appellate procedure codify these bedrock jurisdictional rules. The Federal Rules of Appellate Procedure permit a district court to grant dismissal only "[*b*]*efore* an appeal has been docketed by the circuit clerk." Fed. R. App. P. 42(a) (emphasis added). And unlike Federal Rule of Civil Procedure 41(a)(1)(A)(i), which in some circumstances permits a plaintiff to unilaterally dismiss an "action," *see infra* 4-7, the Federal Rules of Appellate Procedure provide that a voluntary dismissal can be achieved only with the consent of the appellant once a case has been appealed, *see* Fed. R. App. P. 42(a) (allowing voluntary dismissal only via a "stipulation signed by all parties or on the appellant's motion"); Fed. R. App. P. 42(b) (allowing dismissal of a docketed appeal "if the parties file a signed dismissal agreement specifying how costs are to be paid and pay any fees that are due.").

Any other understanding would nullify the rules by allowing a district court to oust the appellate court's jurisdiction. After all, if the Plaintiffs can unilaterally end this case by voluntary dismissal under Rule 41(a)(1) now, what would prevent an appellee from filing a Rule 41(a)(1) dismissal in the district court after the appellate briefing closed? Or after oral argument? Or while co-counsel was standing at the podium in the Supreme Court? The controlling case law and applicable rules prohibit such gambits; if they did not, actions like the Plaintiffs' would inevitably result in in an attempt by two courts "to assert jurisdiction over a case simultaneously"—the precise circumstance *Griggs* and its progeny strictly forbid. 459 U.S. at 58.[2]

The fact that a proper Rule 41(a)(1)(A)(i) motion is ordinarily "self-executing," *see* Doc. 155 (citing *Marex Titanic, Inc. v. Wrecked and Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993)), is of no matter. A party's unilateral filing cannot undo the divestment of this Court's jurisdiction. "Without jurisdiction the court cannot proceed *at all* in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (emphasis added); *see also Webster v. Reid*, 52 U.S. 437, 451 (1850) ("[W]herever a court acts without jurisdiction, its decrees, judgments, and proceedings are absolute nullities"); *United States v. Hartwell*, 448 F.3d 707, 715 n. 1 (4th Cir. 2006) (same). The lack of jurisdiction voids the effect of any action by the court, the clerk, and the parties. *See, e.g., Armco, Inc. v. Penrod-Stauffer Bldg. Systems, Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984) (reversing default judgment entered by clerk where "the district court was without jurisdiction of the defendant, and the default judgment was void."). Thus, a

---

[2] There are "limited exceptions" to the rule prohibiting the exercise of district court jurisdiction over a pending appeal, *Doe v. Public Citizen*, 749 F.3d 246, 258 (4th Cir. 2014), including "jurisdiction over issues not under consideration in the appeal," *In re South African Apartheid Litig.*, 02-mdl-1499, 2009 WL 5183832, at *1 (S.D.N.Y. July 7, 2009). But this exception does not apply to "cases respecting a right not to be tried," such as appeals of denial of immunity. *Id.* The only exception that would have applied here is retention of "jurisdiction to proceed as to matters in aid of the appeal." *Grand Jury Proceedings Under Seal v. United States*, 947 F.2d 1188, 1190 (4th Cir. 1991). That is why the Court would have had jurisdiction to act on the President's stay motion. *See* Fed. R. App. P. 8 (requiring a party to ordinarily move for a stay pending appeal in the district court). But that exception does not encompass any attempt to dismiss the case.

stipulation of dismissal pursuant to Rule 41(a)(1)(A)(i)—notwithstanding its self-executing nature—is ineffective when filed after an appeal because "the district court is without jurisdiction to exercise the authority to dismiss the case." *Showtime/The Movie Channel, Inc. v. Covered Bridge Condominium Ass'n, Inc.*, 895 F.2d 711, 713 (11th Cir. 1990). Because this Court no longer has jurisdiction over this case, Plaintiffs' notice of dismissal is void.

**B. Even if this Court had jurisdiction, Rule 41(a) cannot be invoked to dismiss anything other than the entire action.**

Even if this Court had jurisdiction when Plaintiffs filed their notice of dismissal, it would still have to determine whether the notice meets the requirements of Rule 41(a)(1)(A)(i). *See, e.g, Robinson v. Robinson,* 13-cv-5275, 2015 WL 224629, at *1-*3 (D.N.J. Jan. 15, 2015); *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 519 (D. Md. 2014). In this case, Plaintiffs' Rule 41(a) notice is defective because Plaintiffs claimed to dismiss without prejudice only one part of their case: "the claims brought against Defendant Donald J. Trump in his individual capacity." Doc. 154. Plaintiffs expressly preserved their other claims, disclosing that the attempted partial dismissal was intended "to allow the claims against President Trump in his official capacity to move forward expeditiously." *Id.*

But Rule 41(a) "does not speak of dismissing one claim in a suit; it speaks of dismissing 'an action'—which is to say, the whole case." *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001). Numerous courts, including the Fourth Circuit, have thus held that "Rule 41(a) should be limited to dismissal of an entire action." *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015); *accord Skinner v. First Am. Bank of Va.*, 64 F.3d 659, at *2 (4th Cir. 1995) (unpublished) ("Because Rule 41 provides for the dismissal of *actions*, rather than *claims*, Rule 15 is technically the proper vehicle to accomplish a partial dismissal"); *Boone v. CSX Transportation, Inc.*, 17-cv-668, 2018 WL 1308914, at *2 (E.D. Va. Mar. 13, 2018) (collecting cases) ("Plaintiff seeks to dismiss less than his entire action. Thus, plaintiff's motion to withdraw notwithstanding, his notice of dismissal under Rule 41(a)(1)(i) and motion to dismiss under Rule 41(a)(2) are not supported by the law."); *Elat*, 993 F. Supp. 2d at 519 ("The proper

4

mechanism for a plaintiff to withdraw some, but not all, claims is to file a motion to amend pursuant to Fed. R. Civ. P. 15."). Indeed, unlike subsection (a), Rule 41(b) separately distinguishes between "actions" and "claims," which is "a strong indication that [the drafters] intended there to be a distinction between the two provisions." *Taylor,* 787 F.3d at 857 n.7.

To be sure, a number of courts have held that Rule 41(a) permits the dismissal of all claims against only one defendant, even if other defendants remain in the case. *See Fagnant v. K-Mart Corp.*, 11-cv-302, 2013 WL 6901907, at *2 (D.S.C. Dec. 31, 2013). But the Fourth Circuit has never addressed this question, *id.*, and the better view is that "a Rule 41 dismissal of a party rather than an action is ineffectual as a matter of law," *Volvo Trademark Holding Aktiebolaget v. AIS Const. Equipment Corp.*, 162 F. Supp. 2d 465, 472 (W.D.N.C. 2001); *see Hilliard v. RHA Howell Care Centers, Inc.*, 09-cv-110, 2009 WL 2177008, at *1 (W.D.N.C. July 21, 2009) (noting that "Rule 41(a)(1) … speaks only to dismissal of *actions*, not particular claims or parties" and requiring amendment pursuant to Rule 15 "to reflect active claims and active defendants"); *AmSouth Bank v. Dale*, 386 F.3d 763, 778 (6th Cir. 2004) ("[W]e have in the past indicated that dismissal of a party, rather than of an entire action, is more proper pursuant to Rule 21").

As these cases note, the structure of the Federal Rules of Civil Procedure confirms that Rule 41(a) does not permit a partial dismissal of less than the entire case. Rule 15, for example, specifically governs the addition or subtraction of claims. Indeed, that was how the Plaintiffs added their claims against the President in his individual capacity. *See* Doc. 90. And Rule 21 specifically provides for motions to "add or drop a party." Given the existence of these separate provisions, it makes no sense to allow Rule 41(a)'s provisions governing entire "actions" to accomplish the same results. Courts instead must apply the "plain text" of the Rules "so far as possible to give *independent* effect to all their provisions." *Patel v. Patel*, 283 F. Supp. 3d 512, 516 (E.D. Va. 2017) (emphasis added).

5

The reasons underlying Rule 41(a)(1) also weigh heavily against rewarding Plaintiffs' gambit. The rule "was designed to limit a plaintiff's ability to dismiss an action." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990). Before its enactment, plaintiffs were often allowed to dismiss their case at any point in the proceeding before entry of judgment. *Id.* Rule 41(a)(1) was therefore designed to "allow[] a plaintiff to dismiss an action without the permission of the adverse party or the court only during the brief period before the defendant had made a significant commitment of time and money." *Id.*; *see also* 9 Fed. Prac. & Proc. Civ. § 2363 (3d ed.) ("The rule limits the right of dismissal at the behest of the plaintiff to the early stages of the proceedings, thus curbing the abuses of this right that commonly had occurred under state procedures.").

Plaintiffs' attempt to deploy Rule 41(a)(1) is akin to the very kinds of abuses it is designed to constrain. The Plaintiffs added the President in his individual capacity earlier this year in a professed effort of "good faith" in order "to facilitate full review of their claims, both in this Court and in any future appeals." Doc. 90-1, at 2. As a consequence, the President was obliged to obtain (and pay for) separate outside counsel, who sought to have the case dismissed under Rule 12 on an expedited basis. Yet that motion then remained pending for months, even as the Court adjudicated other motions, the President in his official capacity filed an answer, the parties (including the President's outside counsel) met and conferred regarding scheduling and the scope of discovery, and the parties (including the President's outside counsel) negotiated a protective order and ESI protocol. Then, with these issues still unresolved, discovery began in earnest with the service of dozens of third-party subpoenas seeking incredibly broad and intrusive discovery.

Finally, when the President appealed the effective denial of his claim for immunity—as he is clearly entitled to do, *see* Doc. 148, at 2—the Plaintiffs suddenly concluded that they no longer wished to "facilitate full review of their claims" in an "appeal." Rather, because the President's exercise of his right threatened their desire to "move forward expeditiously," the Plaintiffs purported to dismiss him

without prejudice—keenly aware that, if successful in this effort, they could attempt to bring him back into the case *after* discovery. Of course, this would result in the very prejudice to the President that the interlocutory appeal and mandatory stay of the case is designed to prevent: the procession of discovery without the ability for his "counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to [his] position." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009). Having decided to bring the President into this case, and imposing on him the resulting costs in time and expense, the Plaintiffs cannot so easily set him aside for now. At a minimum, any dismissal (if the Court were to obtain jurisdiction in the future) would have to be with prejudice to protect against further gamesmanship.

For now, though, there is nothing further for this Court to do. Because this Court was divested of jurisdiction on December 14, and because Rule 41(a)(1) does not permit the partial dismissal of an action, Plaintiffs' attempted dismissal is defective. The President's appeal is before the Fourth Circuit.

<div style="margin-left:40%">

Respectfully submitted,

*/s/ William S. Consovoy*
William S. Consovoy (No. 20397)
Thomas R. McCarthy
Bryan K. Weir
CONSOVOY MCCARTHY PARK PLLC
3033 Wilson Blvd., Suite 700
Arlington, VA 22201
T: (703) 243-9423
F: (703) 243-8696
will@consovoymccarthy.com

Patrick N. Strawbridge
CONSOVOY MCCARTHY PARK PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, Massachusetts 02109
T: (617) 227-0548

</div>

December 21, 2018                              *Attorneys for Defendant in his individual capacity*

**CERTIFICATE OF SERVICE**

I certify that on December 21, 2018, I electronically filed this document with the Clerk of Court for the U.S. District Court for the District of Maryland using the CM/ECF system, which will send notification of the filing to all counsel.

*/s/ William S. Consovoy*
William S. Consovoy

*Attorney for Defendant in his individual capacity*