# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THE DISTRICT OF COLUMBIA, et al., *Plaintiffs*, v. DONALD J. TRUMP, in his official capacity as President of the United States and in his individual capacity, *Defendant*. | No. 8:17-cv-1596-PJM |

## DEFENDANT'S OPPOSITION TO NOTICE OF VOLUNTARY DISMISSAL

Plaintiffs have sought to dismiss the President in his individual capacity *only* under Rule 41(a)(1)(A)(i). But Rule 41(a) "does not speak of dismissing one claim in a suit; it speaks of dismissing 'an action'—which is to say, the whole case." *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001). Numerous courts, including the Fourth Circuit, have thus held that "Rule 41(a) should be limited to dismissal of an entire action." *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015); *Skinner v. First Am. Bank of Va.*, 64 F.3d 659, at *2 (4th Cir. 1995) (unpublished) ("Because Rule 41 provides for the dismissal of *actions*, rather than *claims*, Rule 15 is technically the proper vehicle to accomplish a partial dismissal"); *Boone v. CSX Transportation, Inc.*, 17-cv-668, 2018 WL 1308914, at *2 (E.D. Va. Mar. 13, 2018) (collecting cases) ("Plaintiff seeks to dismiss less than his entire action. Thus, plaintiff's motion to withdraw notwithstanding, his notice of dismissal under Rule 41(a)(1)(i) and motion to dismiss under Rule 41(a)(2) are not supported by the law."); *Elat*, 993 F. Supp. 2d at 519 ("The proper mechanism for a plaintiff to withdraw some, but not all, claims is to file a motion to amend pursuant to Fed. R. Civ. P. 15."). Indeed, unlike subsection (a), Rule 41(b) separately distinguishes between "actions" and "claims," which is "a strong indication that [the drafters] intended there to be a distinction between the two provisions." *Taylor,* 787 F.3d at 857 n.7.

To be sure, a number of courts have held that Rule 41(a) permits the dismissal of all claims against only one defendant, even if other defendants remain in the case. *See Fagnant v. K-Mart Corp.*, 11-cv-302, 2013 WL 6901907, at *2 (D.S.C. Dec. 31, 2013). But the Fourth Circuit has never addressed this question, *id.*, and the better view is that "a Rule 41 dismissal of a party rather than an action is ineffectual as a matter of law," *Volvo Trademark Holding Aktiebolaget v. AIS Const. Equipment Corp.*, 162 F. Supp. 2d 465, 472 (W.D.N.C. 2001); *see Hilliard v. RHA Howell Care Centers, Inc.*, 09-cv-110, 2009 WL 2177008, at *1 (W.D.N.C. July 21, 2009) (noting that "Rule 41(a)(1) … speaks only to dismissal of *actions*, not particular claims or parties" and requiring amendment pursuant to Rule 15 "to reflect active claims and active defendants"); *AmSouth Bank v. Dale*, 386 F.3d 763, 778 (6th Cir. 2004) ("We

1

have in the past indicated that dismissal of a party, rather than of an entire action, is more proper pursuant to Rule 21").

As these cases note, the structure of the Federal Rules of Civil Procedure confirms that Rule 41(a) does not permit a partial dismissal of less than the entire case. Rule 15, for example, specifically governs the addition or subtraction of claims. Fed. R. Civ. P. 15. Indeed, that was how the Plaintiffs added their claims against the President in his individual capacity. *See* Doc. 90. And Rule 21 specifically provides for motions to "add or drop a party." Fed. R. Civ. P. 21. Given the existence of these separate provisions, it makes no sense to allow Rule 41(a)'s provisions governing entire "actions" to accomplish the same results. Courts instead must apply the "plain text" of the Rules "so far as possible to give *independent* effect to all their provisions." *Patel v. Patel*, 283 F. Supp. 3d 512, 516 (E.D. Va. 2017) (emphasis added). The rule "was designed to limit a plaintiff's ability to dismiss an action." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990). Before its enactment, plaintiffs were often allowed to dismiss their case at any point in the proceeding before entry of judgment. *Id.* Rule 41(a)(1) was therefore designed to "allow[] a plaintiff to dismiss an action without the permission of the adverse party or the court only during the brief period before the defendant had made a significant commitment of time and money." *Id.*; *see also* 9 Fed. Prac. & Proc. Civ. § 2363 (3d ed.) ("The rule limits the right of dismissal at the behest of the plaintiff to the early stages of the proceedings, thus curbing the abuses of this right that commonly had occurred under state procedures.").

In sum, if Plaintiffs wish to dismiss the President in his individual capacity, they may do so pursuant to the requirements of other rules, or by negotiating a stipulation of dismissal with him. But the Plaintiffs' unilateral notice of voluntary dismissal of less than their entire action is ineffective, and should be set aside by this Court.

                                                    Respectfully submitted,

                                                    */s/ William S. Consovoy*
William S. Consovoy (No. 20397)
Thomas R. McCarthy
Bryan Weir
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
T: (703) 243-9423
F: (703) 243-8696
will@consovoymccarthy.com

Patrick N. Strawbridge
CONSOVOY MCCARTHY PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, Massachusetts 02109
T: (617) 227-0548

July 17, 2020                                                      *Attorneys for Defendant in his individual capacity*

## CERTIFICATE OF SERVICE

I certify that on July 17, 2020, I electronically filed this document with the Clerk of Court for the U.S. District Court for the District of Maryland using the CM/ECF system, which will send notification of the filing to all counsel.

                                                     */s/ William S. Consovoy*
                                                     William S. Consovoy

                                                     *Attorney for Defendant in his individual capacity*