IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THE DISTRICT OF COLUMBIA, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States and in his individual capacity,<br><br>*Defendant*. | No. 8:17-cv-1596-PJM |

**DEFENDANT'S REQUEST FOR A RULING ON
PLAINTIFFS' STIPULATION OF VOLUNTARY DISMISSAL**

Plaintiffs seek to dismiss the President in his individual capacity under Rule 41(a)(1)(A)(i) with a notice of voluntary dismissal, Doc. 182, and the President argues that the notice is deficient, Doc. 183. Plaintiffs have responded that their notice is valid, it "was self-executing," and it needs no explicit approval from the Court to effect a dismissal. Doc. 184, at 1. Under the Plaintiffs' view, then, the President has already been dismissed in his individual capacity, and the time for the President to file a notice of appeal began running the moment they filed the notice on July 17.

The President disagrees with the Plaintiffs' position. A notice of dismissal is not invariably automatic. Courts necessarily retain and exercise the power to ensure any notice meets the rule's basic requirements—for example, that it was filed before an answer or motion for summary judgment. *See Robinson v. Robinson*, No. 13-cv-5275, 2015 WL 224629, at *1-*2 (D.N.J. Jan. 15, 2015); *see also, e.g., Elat v. Ngoubene*, 993 F. Supp. 2d 497, 519 (D. Md. 2014); *Garber v. Chicago Mercantile Exchange*, 570 F.3d 1361, 1364 (Fed. Cir. 2009). But the President understands that the Court may agree with Plaintiffs and, accordingly, conclude that their notice was valid and take no further action. But if it does, the President will have no way of knowing of the Court's decision; the notice would already have dismissed

1

him without any further action needed. As a result, the President respectfully requests an express ruling on the issue by August 10th, 2020 to preserve his appellate rights. At the very least, if the Court agrees with Plaintiffs, the President respectfully requests a "marginal order" approving the Plaintiffs' notice, as is the "practice[] in this district." *Omega U.S. Ins., Inc. v. Pennsylvania Nat. Mut. Cas. Ins. Co.*, 11-cv-2297, 2012 WL 115422, at *4 (D. Md. Jan. 13, 2012).

                                      Respectfully submitted,

                                      */s/ William S. Consovoy*
                                      William S. Consovoy (No. 20397)
                                      Thomas R. McCarthy
                                      Bryan Weir
                                      Consovoy McCarthy PLLC
                                      1600 Wilson Blvd., Suite 700
                                      Arlington, VA 22209
                                      T: (703) 243-9423
                                      F: (703) 243-8696
                                      will@consovoymccarthy.com

                                      Patrick Strawbridge
                                      Consovoy McCarthy PLLC
                                      Ten Post Office Square
                                      8th Floor South PMB #706
                                      Boston, Massachusetts 02109
                                      T: (617) 227-0548

July 28, 2020                                          *Attorneys for Defendant in his individual capacity*

## CERTIFICATE OF SERVICE

I certify that on July 28, 2020, I electronically filed this document with the Clerk of Court for the U.S. District Court for the District of Maryland using the CM/ECF system, which will send notification of the filing to all counsel.

*/s/ William S. Consovoy*
William S. Consovoy

*Attorney for Defendant in his individual capacity*
